**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br> )<br>    **Plaintiff,** )<br> )<br>**vs.** )<br> )<br> )<br>**JOHNNY LEE DAWSON,** )<br> )<br> )<br>    **Defendant.** ) | **NO. CR 04-0537 RB** |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), based on the United States Sentencing Commission's recent amendment to the guidelines for offenses involving cocaine base, more commonly known as crack cocaine. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, the Court finds that it lacks jurisdiction to amend Defendant's sentence because a reduction in Defendant's sentence would be inconsistent with the applicable policy statement issued by the Sentencing Commission. Defendant's motion, therefore, must be **DENIED**.

**I.     Background.**

On April 28, 2004, Defendant pled guilty to a two-count Indictment, charging (Count I) conspiracy to possess with intent to distribute crack cocaine and (Count II) distribution of crack cocaine within 1000 feet of a school. The plea agreement expressly excluded terms regarding a specific sentence or sentencing range as allowed under Fed.R.Crim.P. 11(c)(1)(C).

At sentencing, the Court found a base offense level of 19 under U.S.S.G. §§ 2D1.1(c)(11) and 2D1.2(a)(2), which was reduced by 3 levels based on Defendant's minor role in the offense,

pursuant to U.S.S.G. § 3B1.2 and the plea agreement, producing an adjusted offense level of 16. Coupled with Defendant's criminal history category of V, these computations would have produced a guideline sentencing range of 41 to 51 months.

However, Defendant was determined to be a career offender, pursuant to U.S.S.G. § 4B1.1. As such, Defendant's adjusted offense level became 34 under U.S.S.G. § 4B1.1(b), as Count II of the Indictment has a 40 year statutory maximum sentence. Because Defendant demonstrated an acceptance of responsibility for the offense, his total offense level was reduced to 31 in accordance with U.S.S.G. § 3E1.1. Pursuant to U.S.S.G. 4B1.1(b), a career offender's criminal history category is automatically deemed to be VI, resulting in a guideline sentencing range of 188 to 235 months.

On July 7, 2004, Defendant was sentenced to a term of 188 months in prison, the lower end of the guideline sentencing range arrived at under the career offender provisions of U.S.S.G. § 4B1.1. In the fall of 2007, the Sentencing Commission effectively made a two-level reduction in the crack cocaine base level. On May 7, 2008, Defendant filed his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

**II.     Discussion.**

**A. Applicable Legal Standards.**

This Court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed.R.Crim.P. 35. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1996) (noting that a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization). However, 18 U.S.C. § 3582(c)(2) provides statutory authorization for this Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only "if such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission." The 10th Circuit Court of Appeals has stressed that "[i]n determining whether to reduce a defendant's sentence due to a subsequent amendment, 18 U.S.C. § 3582(c) directs the district court to determine whether 'reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" *United States v. Telman*, 28 F.3d 94, 96 (10th Cir. 1994). *See also United States v. Dorrough*, 84 F.3d 1309, 1312 (10th Cir. 1996).

On March 3, 2008, the Sentencing Commission amended its policy statement regarding reductions in terms of imprisonment resulting from changes to guideline ranges at issue in this case. The amended policy statement explicitly prohibits the reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) if "none of the amendments ... is applicable to the defendant," U.S.S.G. § 1B1.10(a)(2)(A), or if an amendment "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B). *See* U.S.S.G. Amendments 712 and 713.

The retroactive application of a change in the offense level of the Sentencing Guidelines is not required by U.S.S.G. § 1B1.10(a), but rather falls within this Court's discretion. *Dorrough*, 84 F.3d at 1312. *See also Telman*, 28 F.3d at 96, (noting "it is apparent from the language of § 1B1.10(a)–i.e., 'may consider'–that a reduction is not mandatory but is instead committed to the sound discretion of the trial court").

**B.     Analysis.**

Defendant essentially argues that, based on the crack cocaine amendments, his offense level under U.S.S.G. § 2D1.1(c) would be reduced by 2, producing a lower guideline sentencing range. However, Defendant was not sentenced under U.S.S.G. § 2D1.1, but rather under the career offender guidelines of U.S.S.G. § 4B1.1. The amendments to U.S.S.G. § 2D1.1, therefore, do not apply to

3

Defendant. U.S.S.G. § 1B1.10(a)(2)(A), the first exclusion in the Sentencing Commission's policy statement, expressly prohibits a reduction to a defendant's term of imprisonment if the amendments are not applicable to the defendant, and 18 U.S.C. § 3582(c)(2) explicitly requires that a reduction in a defendant's term of imprisonment must be "consistent with applicable policy statements issued by the Sentencing Commission." *See Telman*, 28 F.3d at 96. *See also Dorrough*, 84 F.3d at 1312. Consequently, this Court is prohibited from exercising jurisdiction to reduce Defendant's sentence.

Applying the amended sentencing guidelines does not have the effect of lowering Defendant's applicable guideline range. Indeed, because no retroactive changes have been made to U.S.S.G. § 4B1.1, the Sentencing Commission has not lowered the range under which defendant was actually sentenced. As a practical matter, it would make little sense to permit the Court to re-open a sentence based on a guideline amendment that would not, if applied to the Defendant, make any difference in the outcome. As a legal matter, U.S.S.G. § 1B1.10(a)(2)(B), the second exclusion in the Sentencing Commission's policy statement, prohibits the Court from modifying a term of imprisonment if an amendment "does not have the effect of lowering the defendant's applicable guideline range." *See Dorrough*, 84 F.3d at 1312 (affirming denial of 18 U.S.C. § 3582(c)(2) motion where, under an alternate calculation, the Defendant had the "same offense level under the new guidelines as he had under the old"). Coupled with the statutory requirement in 18 U.S.C. § 3582(c)(2) that modifications to sentences be "consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission's policy statement effectively bars this Court from exercising jurisdiction to reduce Defendant's term of imprisonment. *See Telman*, 28 F.3d at 96. *See also Dorrough*, 84 F.3d at 1312.

### III. Conclusion.

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to

18 U.S.C. § 3582(c)(2) is **DENIED**.

 

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**